### HUNTINGTON v. CHAMPLIN.

The drawer of a bill or order cannot be a witness to prove either the payment or acceptance of.

ERROR from the Court of Common Pleas.     Huntington brought his action against Champlin, on a promissory note. Issue was joined on the plea of full payment.     On the trial of the case, one Thomas Adams was produced as a witness, by the defendant, to prove the payment.— He testified, that some time before the institution of this suit, he drew an order upon the plaintiff, in favor of said Champlin, to the amount of the debt contained in the note.     That the order was presented to Huntington, and by him accepted in payment.

There was no other evidence offered; and the plaintiff objected to the admission of this witness, supposing him directly interested to prove the acceptance of his own order, and avoid a suit from Champlin on the protest.— But, by the Court of Common Pleas, the objection was overruled, the witness admitted, and judgment rendered for the defendant.

The plaintiff filed his bill of exceptions, and the judgment was reversed.

By DYER, PITKIN and ELLSWORTH, JJ. The drawer of a bill or order, cannot be a witness to the acceptance of it, because he hath an interest. If it is accepted and paid, he thereby recovers his effects out of the hands of the payor, or obtains a credit from him; and at the same time discharges himself of a debt or duty to the payee, or charges him in debt:— And if it is not accepted, and it be drawn as is customary, for a valuable consideration, the drawer, besides the loss of credit, becomes immediately liable for the payment of it himself. In either case the drawer's interest is apparent. That, in which it is the least concerned, is in the transferring a debt due to him from one person to another; but his own oath cannot be sufficient for this. Further, as the acceptance of a bill, though not paid, binds the acceptor, and an action lies against him for the holder; it is only for the drawer to pass his bills, as accepted for payment, and swear to the acceptance when called, if this is admissible for proof; and he may force a credit from any one he sees fit to draw upon, and to any amount — which would open a very dangerous door. The drawer, therefore, of a bill or order, cannot be a witness to prove either the payment of it, or the acceptance for payment; and the witness adduced in the Court of Common Pleas, to prove the acceptance and

payment of the order in the present case, was inadmissible, being the drawer of it, unless there were some special circumstances in the case to take it out of the reason of the common rule; but none such are stated, nor are we to presume them, because then the bill of exceptions doth not contain a full and fair stating of the case.

SHERMAN, J., dissenting. It doth not appear to me, that the judgment complained of is erroneous.— A bill of exceptions was first introduced in England by the statute of Westminster. It has very lately been adopted here, without any statute to authorize and regulate it, on the supposed reason of the case. Within the compass of my knowledge, there has not occurred more than two or three instances of writs of error being brought on bills of exceptions. I shall not question the validity of the practice, it having been heretofore admitted; but only observe, that the party who takes the exceptions, must be presumed to state them as strongly in his own favor as circumstances will admit; therefore, every intendment which can fairly be made consistent with his stating, should be in support of the judgment; as the court before whom the trial was, must be supposed to be fully acquainted with all the circumstances.

In this case, the witness testified, that he drew an order on the plaintiff, in favor of the defendant, for the sum of the note on which, etc. (being £7 14s. 5d.) which the plaintiff accepted in satisfaction of the note. He does not say, whether the order was drawn for value received or not; suppose it was for value received, the nonacceptance of it would subject the witness to repay the same to the defendant. If it was not accepted, he became liable to pay

Huntington v. Champlin.

it to the other:    Therefore, the whole amount of the interest
of the witness in the case, was to have his election which
party he should be accountable to for that small sum; for
he certainly must be accountable to the one or the other;
but if the order was not for value received, and was not ac-
cepted, he would not be chargeable to either.    There is
nothing stated as to the ability or inability of the witness,
or either of the parties, to make payment.

It is a general rule of the common law, that no person
shall be a witness in favor of his own interest; but when
he testifies against his interest, he is the strongest evidence:
Yet, from the necessity and circumstances of some particular
cases, and to prevent a failure of justice, interested
witnesses are admitted by the common law as well
as by several statutes; as in prescutions *qui tam*
for theft, the prosecutor is admitted in his own case, as
to the loss and property of the goods:    But in such
cases (it is said in the books of the law) no general rule
can be laid down, but every case rests upon its own particular
circumstances, whether the interest be of that nature, or
so considerable, as by presumption to produce partiality in
the witness; therefore, the admission of a witness in such
cases settles no rule for the admission in other cases, in
some respects similar, where in other respects, circumstances
may be different:    So admitting the witness to testify in
the present case, on a small order negotiated among neigh-
bors, would be no authority for admitting the drawer of a
foreign bill of exchange to testify to the acceptance of it,
where the nonacceptance might subject him to large damages
and interest.    In further illustration and confirmation of
these principles, see the following cases in Strange's Reports—
Bronson v. Avery, 507—Martin v. Horrel, 647—Lockhart v.

Gorham, 35; Hawkins v. Perkins, 406; Ball v. Bostwick, 575; Norcot v. Orcot, 650; Lewis v. Fog, 944; Rex v. Robbins, 1069.

Cases where witnesses testified against their interest. See Str. 480, Atwood v. Dent; Cowper, 70, 71, Butler v. Cook; 2 Ld. Raym. 1008.

Note.— The chief justice, Law, excused himself from judging in this case, one of the parties being his tenant.